UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Yelena Savinova, *et al.*, | |
| Plaintiffs, | Civil No. 3:20-cv-01612 (TOF) |
| v. | |
| Nova Home Care, LLC, *et al.*, | April 7, 2025 |
| Defendants. | |

**RULING ON PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION**

**I.      INTRODUCTION**

This is an action under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. §§ 31-68 *et seq.* (Compl., ECF No. 1.)  Having already been designated a collective for the purposes of their FLSA claims, the plaintiffs now seek, for a third time, certification of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure.  (ECF No. 238.)

The Court denied two previous motions for class certification for failure to demonstrate that Rule 23's numerosity requirement is satisfied.  (ECF Nos. 195, 217.)  In their renewed motion, the plaintiffs contend that they meet the requirement because it is a mathematical probability that the number of class members is higher than the presumptive threshold.  (ECF No. 238, at 3–4.) The plaintiffs also argue that certification of the class would be appropriate because joinder is impracticable pursuant to *Robidoux v. Celani*, 987 F. 2d 931, 936 (2d Cir. 1993).  (*Id.* at 5–7.)  In response, the defendants argue that the Court should deny the motion because the plaintiffs do not advance a new factual or legal argument, nor do they offer a different class definition.  (ECF Nos.

1

239, 240.) The defendants also ask the Court to impose costs on the plaintiffs on the ground that their renewed motion is frivolous. (ECF No. 239, at 9–10.)

For the reasons set forth in Section III.A, the Court agrees with the defendants that the plaintiffs have come forward with no new and material information that would justify a different result. It will therefore deny the plaintiffs' renewed motion to certify a class. At the same time, the Court will deny the defendants' request for an award of costs, for the reasons explained in Section III.B.

**II.     BACKGROUND**

On April 27, 2023, the plaintiffs moved for certification of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure. (ECF No. 153.) The plaintiffs defined the proposed class as "homecare workers who worked for Nova Home Care, LLC ("Nova") and Southern Home Care Services, Inc. ("Southern") . . . between October 21, 2018, and the present, and who had any workweeks split between Nova and Southern on the same live-in assignments." (*Id.* at 1.) Following a hearing, the court (Nagala, U.S.D.J.) denied the plaintiffs' motion for class certification, concluding that the plaintiffs did not satisfy Rule 23's numerosity requirement by a preponderance of the evidence. *Savinova v. Nova Home Care, LLC*, No. 3:20-cv-01612 (SVN), 2024 WL 1341113, at *8 (D. Conn. Mar. 29, 2024).

On April 12, 2024, the plaintiffs filed a renewed motion for class certification. (ECF No. 204.) The court again denied certification, this time because the plaintiffs did "not raise any new evidence to show numerosity is met nor attempt to redefine the class." *Savinova v. Nova Home Care, LLC*, No. 3:20-cv-01612 (SVN), 2024 WL 3552425, at *7 (D. Conn. July 26, 2024). The plaintiffs then requested leave from the United States Court of Appeals for the Second Circuit to

appeal the order denying their motion for class certification. (*See* ECF No. 225.) The Second Circuit denied the petition, concluding that "an immediate appeal [was] not warranted." (*Id.*)

The parties subsequently consented to the exercise of jurisdiction by a United States Magistrate Judge. (ECF No. 228.) Accordingly, Judge Nagala referred the case to the undersigned to conduct all remaining proceedings and enter final judgment in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (ECF Nos. 229, 230.) Following the referral, the plaintiffs filed this second renewed motion for class certification. (ECF No. 238.)

### III.  DISCUSSION

#### A.  The Plaintiffs' Second Renewed Motion for Class Certification

The Federal Rules of Civil Procedure provide that "[a]n order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). In other words, a plaintiff may, after an initial denial of class certification, file a renewed motion for class certification to address a district court's concerns about a proposed class. *Aboah v. Fairfield Healthcare Servs., Inc.*, No. 3:20-cv-00763 (SVN), 2024 WL 5159161, at *5 (D. Conn. Dec. 18, 2024) (citing *In re Initial Public Offering Sec. Litig.*, 483 F.3d 70, 73 (2d Cir. 2007)). "District courts have ample discretion to consider (or to decline to consider) a revised class certification motion after an initial denial." *In re Initial Public Offering Sec. Litig.*, 483 F.3d at 73.

Any renewed motion for class certification must, however, be based on "a more robust submission that points to admissible evidence where necessary to establish the Rule 23 requirements for class certification." *Vega v. Semple*, No. 3:17-cv-00107 (JBA), 2023 WL 5395479, at *3 (D. Conn. Aug. 22, 2023); *see also Dash v. Seagate Techs. Holdings, Inc.*, No. 2:13-cv-06329, 2016 WL 4491822, at *1 (E.D.N.Y. July 12, 2016). Indeed, a renewed motion for class certification should not be used "as a vehicle to attempt to obtain reconsideration of the

[c]ourt's prior decision." *Dash*, 2016 WL 4491822, at *1. "Nor should it be construed as a second bite at the apple." *Id.* A plaintiff should "thoroughly evaluate" whether there are new grounds on which to base a renewed motion for class certification before making any such motion. *Id.* "Alternatively, plaintiffs could opt to propose a different and more supportable class definition on a renewed motion, without showing a change in the law or new evidence." *Aboah*, 2024 WL 5159161, at *5 (citing *Hargrove v. Sleepy's LLC*, 974 F.3d 467, 476–77 (3d Cir. 2020)).

In this second renewed motion for class certification, the plaintiffs once again contend that they have met the requirements for a class. Specifically, they argue that the proposed class meets Rule 23's numerosity requirement because it is a mathematical probability that the number of class members is "much higher than the presumptive numerosity threshold of forty." (ECF No. 238, at 4.) The plaintiffs use an online probability calculator to demonstrate that there is "much more than a preponderance of evidence" that the threshold is met. (*Id.* at 3–4.) They also rely on testimony from Southern's executive director, Defendant Yuliya Novikava, to support their contention. (*Id.* at 4–5.) Ms. Novikava submitted declarations stating that the defendants "[n]ormally . . . have no more than 30-35 caregivers who work live-in shifts," and that "the clients usually request that the same caregiver . . . be employed by the other provider(s) for peace-of-mind and continuity of services." (ECF Nos. 149-3, at 1; 43-1, at 8.) The plaintiffs claim that these statements increase the probability that the threshold number for numerosity is met. (ECF No. 238, at 4–5.) They therefore contend that they have established numerosity both mathematically and by the defendants' own admissions. (*Id.* at 5.)

Additionally, the plaintiffs argue that certification of the class would be appropriate because joinder is impracticable under the factors identified by the Second Circuit in *Robidoux*. *See Robidoux*, 987 F. 2d at 936 ("Relevant considerations include judicial economy arising from

the avoidance of a multiplicity of actions, geographic dispersion of class members, financial resources of class members, the ability of claimants to institute individual suits, and requests for prospective injunctive relief which would involve future class members."). (ECF No. 238, at 5–7.) Specifically, the plaintiffs contend that the factors weigh heavily in favor of a finding that joinder is impracticable because (1) the proposed class members are mostly immigrant women with limited command of the English language, (2) the proposed class members are minimum wage earners, and (3) ten of the twenty-six members of the FLSA collective live outside of Connecticut. (*Id.* at 6.)

The problem with these arguments is that there is nothing new about them. After reviewing the plaintiffs' second renewed motion and memorandum of law as well as their previous motions and memoranda of law, the Court concludes that the second renewed motion does not point to new grounds to establish that the proposed class meets Rule 23's numerosity requirement. Instead, the plaintiffs advance the same arguments that they submitted in their two prior motions for class certification, each of which the court denied. (*See* ECF Nos. 153-1, 167, 204, 213.)

For example, the plaintiffs previously asked the court to infer that the proposed class met the numerosity requirement as a matter of probability. In their view, because 100 percent of the seven opt-in plaintiffs who worked for both Nova and Southern had their workweeks split, it was more likely than not that at least thirty-three of the remaining eighty-eight employees of both Southern and Nova would have had the same experience. (*See* ECF Nos. 153-1, at 5; 167, at 3–4; 204, at 3; 213, at 1–2.) In this renewed motion, the plaintiffs once again ask the court to infer from the time and pay records of seven opt-in plaintiffs that the threshold number for numerosity will be met. (ECF No. 238, at 2–3.) But they provide no new information with respect to how many of the employees who worked for both companies did so "in the same week and for the same

client—criteria [that] are included in the contours of the class they wish to certify." *Savinova*, 2024 WL 1341113, at *8. (ECF No. 238, 2–5.) In short, they have come forward with nothing new on this point.

In their earlier filings, the plaintiffs also argued that the proposed class met the numerosity requirement because the *Robidoux* factors weighed in favor of a finding that joinder was impracticable. In their reply to the defendant's opposition to the first motion to certify, the plaintiffs cited the *Robidoux* factors, which they referred to as the *Morgan Stanley* factors, for the proposition that the numerosity inquiry is not strictly mathematical and that the factors applied to this case. (ECF No. 167, at 4.) Relying on those factors, the plaintiffs also argued that the proposed class met the numerosity requirement because the putative class members were (1) mostly immigrant workers of modest means, who spend twenty-four hours a day at their clients' residences and (2) geographically dispersed. (ECF No. 204, at 7–8.) As discussed, the plaintiffs advance the same argument in this renewed motion for class certification. (ECF No. 238, at 6–7.) And they do so without providing the Court new grounds to consider.

Furthermore, the plaintiffs' arguments about the defendants' own admissions are likewise mere reprises of arguments previously made and rejected. In an earlier motion, the plaintiffs cited Ms. Novikava's statement that Southern "normally" employs "no more than 30-35 caregivers who work live-in shifts" in support of their claim that the numerosity requirement had been met. (ECF Nos. 213, at 2; 149-3, at 1.) Additionally, the plaintiffs argued that Ms. Novikava's declaration that "the clients usually request that the same caregiver . . . be employed by the other provider(s) for peace-of-mind and continuity of services" supported numerosity as well. (ECF Nos. 213, at 2–3; 43-1, at 8.) The plaintiffs cite the same testimony in advancing the same argument in this renewed motion. (ECF No. 238, at 4–5.)

Finally, the plaintiffs have not proposed "a different and more supportable class definition." *Aboah*, 2024 WL 5159161, at *5. In their renewed motion, the plaintiffs move the Court to certify a class of "homecare workers who worked for both Nova . . . and Southern . . . during the [CMWA] statutory period and who had any workweeks split between Nova and Southern on the same live-in assignments." (ECF No. 238, at 1.) That proposed class is the same proposed class from their first motion for class certification (ECF No. 153, at 1) and their second motion for class certification (ECF No. 204, at 1). Because the plaintiffs have neither offered a different class definition nor come forward with new evidence or arguments about their old definition, their second renewed motion for class certification must be denied. *E.g.*, *Aboah*, 2024 WL 5159161, at *5.

### B.     Costs

The defendants ask the Court to award them the costs of opposing the motion. (ECF No. 239, at 9–10.) Their argument is thinly developed, and it occupies only about a page of text. (*Id.*) They do not state whether they seek costs under 28 U.S.C. § 1927, under the Court's inherent authority to sanction bad faith conduct, or under Rule 11 of the Federal Rules of Civil Procedure. (*See id.*) Instead, they point only to a parenthetical citation in Judge Nagala's order on the plaintiffs' first renewed motion. (*Id.* at 10) (citing ECF No. 217, at 13, which in turn cited *Dash* for the proposition that if a renewed motion for class certification is "a frivolous attempt at reargument of the prior motion, costs may be imposed"). They argue that this citation put the plaintiffs "on notice" that an award of costs "could be a consequence of such a frivolous motion." (*Id.* at 9–10.)

While the Court agrees that the plaintiffs' second renewed motion is without merit, it declines to award costs on the showing that has been made here. There are three principal sources

7

of authority for awarding costs to parties who contend that they have been plied with frivolous motions – Rule 11, 28 U.S.C. § 1927, and the Court's inherent authority. Rule 11 sanctions of course require a separate motion, not a few paragraphs appended to an opposition to the opponent's motion, and they also require a twenty-one-day opportunity to cure. Fed. R. Civ. P. 11(c)(2). The defendants' request does not satisfy these requirements. And sanctions under Section 1927' or the Court's inherent authority require "an explicit finding of bad faith[,]" *Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 143 (2d Cir. 2023), "supported by a high degree of specificity in the factual findings." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009). "Negligence or recklessness alone does not suffice." *Jones v. Combs*, No. 1:24-cv-01457 (JPO), 2024 WL 5107365, at *3 (S.D.N.Y. Dec. 13, 2024) (citing *Rossbach*, 81 F.4th at 143). The Court is unable to make an explicit and specific finding of bad faith on the current record.

## IV.   CONCLUSION

For the reasons stated, the plaintiffs' motion for class certification is DENIED. The Court, however, declines to impose costs at this time.

This is not a recommended ruling. The consent of the parties allows the undersigned Magistrate Judge to conduct all proceedings in accordance with 28 U.S.C. § 636(c)(3) and Federal Rule of Civil Procedure 73(c). (ECF Nos. 228–30.)

So ordered at Hartford, Connecticut this 7th day of April, 2025.

Date: 2025.04.07 13:03:48 -04'00'

Hon. Thomas O. Farrish
United States Magistrate Judge