UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Yelena Savinova, *et al.*, | |
| Plaintiffs, | Civil No. 3:20-cv-01612 (TOF) |
| v. | |
| Nova Home Care, LLC, *et al.*, | April 14, 2025 |
| Defendants. | |

**SUMMARY JUDGMENT RULING**

**I.    INTRODUCTION**

This is a wage and hour case brought by twenty-six live-in caregivers against Nova Home Care, LLC, Southern Home Care Services, Inc, Aleh Huliavatsenka, and Yuliya Novikava.  The plaintiffs seek to recover unpaid overtime compensation pursuant to Section 16 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and unpaid hourly wages and overtime compensation pursuant to the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. §§ 31-58 *et seq.*  Among the plaintiffs' claims is an allegation that Nova improperly deducted time from the plaintiffs' wages for personal or meal breaks (the "break time claims").

On March 29, 2024, United States District Judge Sarala V. Nagala granted in part and denied in part the motion for summary judgment filed by Nova Home Care, LLC and its founder and sole member, Aleh Huliavatsenka (together, "Nova"). (ECF No. 194.)  Among the claims that Judge Nagala dismissed were the so-called "sleep time" claims brought by five of the twenty-six plaintiffs—Lateefatu Fuseini, Karen Harrison, Marianna Jaksina, Maria Kalata, and Galyna Vlasova (together, the "Five Plaintiffs"). (*Id.* at 30.)  She held that the Five Plaintiffs' sleep time

1

claims were time-barred "because their last day working for Nova was more than three years from when the opted into the collective action." (*Id.*)

In her ruling, Judge Nagala noted that these plaintiffs' break time claims might be time-barred as well. (*Id.*) She therefore directed them to file a supplemental brief explaining why those claims should not also be dismissed pursuant to Fed. R. Civ. P. 56(f)(3). (*Id.* at 31.) After the parties briefed the issue, Judge Nagala transferred the case to the undersigned Magistrate Judge. (ECF No. 230.) For the reasons set forth below, the Court concludes that there is no genuine dispute of fact precluding judgment in the defendants' favor regarding the Five Plaintiffs' break time claims. Accordingly, Nova is entitled to judgment as a matter of law with respect to those claims.

## II.  BACKGROUND

The Court assumes familiarity with the facts of this case, many of which are set forth in Judge Nagala's prior ruling on Nova's motion for summary judgment. (ECF No. 194.) In the following discussion, the Court will outline only those facts necessary to provide context for this opinion.

In their summary judgment briefs, the parties disputed the proper statute of limitations to apply to the plaintiffs' claims. As Judge Nagala would later hold, and as will be discussed again below, "the statute of limitations for an opt-in plaintiff in an FLSA action is typically two years," but "that period is extended to three years when the employer's violation of the FLSA was 'willful' under 29 U.S.C. § 255(a)." (ECF No. 194, at 25.) Furthermore, the statute of limitations can be equitably tolled when the plaintiff "has been 'prevented in some extraordinary way from exercising [her] rights, or has asserted [her] rights in the wrong forum.'" (*Id.* at 28) (quoting *Asp v. Milardo Photog., Inc.*, 573 F. Supp. 2d 677, 697 (D. Conn. 2008)). In its summary judgment brief, Nova

argued for a two-year limitation period. (Memo. in Supp. of Mot. for Summ. J., ECF No. 146-2, at 23–24.) The plaintiffs responded that, based on the facts adduced in discovery, "a jury [could] reasonably conclude that Defendants willfully violated the FLSA." (Memo. in Opp'n to Summ. J., ECF No. 164, at 23.) They also argued that they were entitled to equitable tolling because Nova did not properly notify them of their rights under the FLSA. (*Id.* at 24–25.)

In her ruling, Judge Nagala concluded that no more than a three-year limitations period applied to the plaintiffs' "sleep time" claims.[1] She agreed with the plaintiffs that a jury "could reasonably conclude that Nova violated the FLSA and did so knowingly or with reckless disregard," and she therefore did not dismiss any sleep time claims that had been brought within three years. (ECF No. 194, at 27–28.) At the same time, she "decline[d] to equitably toll the statute of limitations period further, back to the date that any plaintiff began working at Nova," because "Plaintiffs were adequately aware of their rights." (*Id.* at 28–29.) She accordingly dismissed the Five Plaintiffs' sleep time claims as "time-barred," "because their last day working for Nova was more than three years from when they opted into the collective action." (*Id.* at 30.)

In addition, the Court notified the parties that it would consider whether to grant summary judgment on the Five Plaintiffs' "break time"[2] claims as well. (*Id.*) (citing Fed. R. Civ. P. 56(f)). The Court directed the plaintiffs to file a supplemental memorandum of law and supporting

---

[1] The "sleep time" claims allege that the defendants "improperly excluded time spent sleeping when calculating wages absent a valid agreement to do so or, if there was an agreement, did not pay for time spent working when sleep was interrupted; therefore, [the plaintiffs] are entitled to recover any hourly wages and overtime compensation owed when accounting for this time worked[.]" (ECF No. 194, at 1–2.)

[2] The "break time" claims "allege that Nova improperly deducted additional time from Plaintiffs' wages for personal or meal breaks and that this time worked should also be accounted for in hourly wages and overtime[.]" (ECF No. 194, at 2.)

exhibits demonstrating why Nova should not be granted summary judgment. (*Id.* at 31.) The Court also directed Nova to file a response. (*Id.*)

In their supplemental memorandum of law, the Five Plaintiffs argue that the Court should equitably toll the three-year statute of limitations that may otherwise apply to their break time claims. They contend that equitable tolling is appropriate because (1) Nova allegedly failed to post FLSA-required notices at their workplaces; (2) they were not otherwise made aware of their rights; and (3) they acted promptly once they received notice of this case. (ECF No. 220, at 1.) Specifically, the plaintiffs argue that the notices should have been posted in Nova's clients' homes, where the plaintiffs were live-in caregivers, to comply with the FLSA's requirements. (*Id.* at 4.) They also argue that Nova's failure to inform them of their rights was compounded by the fact that they worked in relative isolation at a client's home and that, for three of them, English was not their first language. (*Id.*)

In response, Nova urges the Court to grant summary judgment on the Five Plaintiffs' break time claims, just as it did with their sleep time claims. (ECF No. 222.) It argues that nothing distinguishes the two types of claims with respect to the statute of limitations. (*Id.* at 6.) It also argues that equitable tolling is inappropriate for the break time claims, just as it was inappropriate for the sleep time claims. (*Id.* at 6–7.) Neither party requested oral argument (*see* ECF Nos. 220, 222), and the issue is therefore ripe for decision.

### III.   DISCUSSION

#### A.   The Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When no party moves for summary judgment on an issue, but the court determines that

4

summary judgment may be appropriate, Federal Rule of Civil Procedure 56(f) "controls and provides 'express procedures governing the grant of summary judgment independent of a motion.'" *Jackson Nat'l Life Ins. Co. v. Roosen*, No. 3:18-cv-00934 (MPS), 2019 WL 1980358, at *5 (D. Conn. May 3, 2019) (quoting *Swatch Group Mgt. Services Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 80 n.2 (2d Cir. 2014)). That rule provides in relevant part: "After giving notice and a reasonable time to respond, the court may . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that [it] had to come forward with all of [its] evidence."). The United States Court of Appeals for the Second Circuit has emphasized that, when considering granting summary judgment *sua sponte*, "care should be taken by the district court to determine that the party against whom summary judgment is rendered has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried." *In re 650 Fifth Ave. & Related Properties*, 830 F.3d 66, 97 (2d Cir. 2016) (internal quotation marks omitted). "The judge's function in this inquiry, as when a party has moved for summary judgment pursuant to Rule 56(a), is to determine 'whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Modise v. CareOne Health Servs., LLC*, 658 F. Supp. 3d 44, 49 (D. Conn. 2023) (*"Modise II"*) (quoting *Melillo v. Brais*, No. 3:17-cv-00520 (VAB), 2019 WL 1118091, at *6 (D. Conn. Mar. 11, 2019)).

Genuine disputes of material fact warrant denial of summary judgment. In other words, courts must deny summary judgment if the factual dispute "might affect the outcome of the suit

under the governing law" and could allow "a reasonable jury [to] return a verdict for the [adverse] party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering whether to grant summary judgment, a court 'must construe the facts in the light most favorable to the [adverse] party and must resolve all ambiguities and draw all reasonable inferences against the [other party]." *Modise II*, 658 F. Supp. 3d at 49 (quoting *Kee v. City of New York*, 12 F.4th 150, 158 (2d Cir. 2021)).

      B.       The Statute of Limitations and Equitable Tolling

An opt-in plaintiff's FLSA action is considered commenced when she files her "written consent to become a party plaintiff." 29 U.S.C. § 256. Looking backward from that date, an opt-in plaintiff is eligible to recover for unpaid overtime in the prior two years. 29 U.S.C. § 255(a). That period is extended to three years when the employer's violation of the FLSA was "willful" under 29 U.S.C. § 255(a).

"An employer willfully violates the FLSA when it 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by' the Act." *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). "Mere negligence is insufficient." *Id.* (citing *McLaughlin*, 486 U.S. at 133). It is the plaintiffs' burden to show that the employer's conduct was willful. *See id.* The question of willfulness is typically one for the jury. *See Kuebel v. Black & Decker Inc.*, 643 F. 3d 352, 366 (2d Cir. 2011); *Kinkead v. Humana at Home, Inc.*, 450 F. Supp. 3d 162, 189 (D. Conn. 2020).

    Even if Nova's conduct met the test for willfulness, that fact alone would not save the Five Plaintiffs' break time claims from dismissal. It is undisputed that those plaintiffs' "last day working for Nova was more than three years from when they opted into the collective action."

(ECF No. 194, at 30.)  Consequently, their break time claims can survive only if they demonstrate that they are entitled to equitable tolling.

"Equitable tolling is an extraordinary measure that applies only when plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the circumstances."  *Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 322 (2d Cir. 2004).  Courts have applied the doctrine in the wage-and-hour context "as a matter of fairness" when the plaintiff "was actively misled by [her] employer, [she] was prevented in some extraordinary way from exercising [her] rights, or [she] asserted [her] rights in the wrong forum."  *Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir. 1985).  The plaintiffs have "the burden of showing that equitable tolling is warranted."  *Darowski v. Wojewoda*, No. 3:15-cv-00803 (MPS), 2017 WL 6497973, at *5 (D. Conn. Dec. 19, 2017) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The summary judgment record evidence establishes that this standard has not been met.  On the one hand, Nova came forward with a sworn declaration from Mr. Huliavatsenka, confirming that the company had notified its employees of their FLSA rights by posting appropriate notices in its office.  (*See* ECF No. 172-1 ¶ 4.)  Nova also supplied photographs showing the poster on its office walls.  (ECF No. 172-6.)  On the other hand, each of the Five Plaintiffs filed a declaration stating only that she "did not see a poster" at the Nova office.  (ECF Nos. 220-1 through 220-5.)  Saying that one "did not see" the poster of course does not establish that there was no poster, or that the employee was otherwise actively prevented from learning about her rights, and courts have therefore held that such a statement does not meet the employee's burden in opposing a properly-supported summary judgment motion.  *E.g.*, *Summa v. Hofstra Univ.*, No. 2:07-cv-03307 (DRH) (ARL), 2008 WL 3852160, at *6 (E.D.N.Y. Aug. 14, 2008), *aff'd in part and remanded in part on other grounds*, 715 F. Supp. 2d 378 (E.D.N.Y. 2010) ("An

employee's assertion that . . . she did not see a properly posted notice will not . . . require tolling."); *Mark v. Gawker Media LLC*, No. 1:13-cv-04347 (AJN), 2016 WL 1271064, at *5 (S.D.N.Y. Mar. 29, 2016) (concluding that equitable tolling was not available because, among other reasons, "[n]one of [the] employees stated that the FLSA notice was absent, merely that they had not observed, or did not recall it"); *Veerkamp v. U.S. Sec. Assocs., Inc.*, No. 1:04-cv-00049 (DFH) (TAB), 2006 WL 2850020, at *6 (S.D. Ind. Sept. 29, 2006) (concluding that "the statement that an employee did not see such a notice does not mean there was no notice"); *cf. Garcia v. La Revise Assocs. LLC*, No. 1:08-cv-09356 (LTS) (THK), 2011 WL 135009, at *7 (S.D.N.Y. Jan. 13, 2011) ("The evidence of record also establishes that bartenders served customers directly; Plaintiffs' anecdotal evidence that they did not see the bartenders do so during their own work shifts is insufficient to raise a genuine issue of material fact as to bartenders' customer interaction.").

The plaintiffs argue that they are entitled to equitable tolling because Nova did not post the notice in the homes in which they worked (ECF No. 220, at 4), but this argument is unpersuasive. In *Modise*, the "Plaintiffs provide[d] no support for this proposition, nor [did] the Court [find] any case where an employer of a live-in domestic employee ha[d] been required to post FLSA notices inside the individual homes of the employer's clients." *Modise v. CareOne Health Servs.*, 638 F. Supp. 3d 159, 184 (D. Conn. 2022) (*"Modise I"*). The same is true here. (ECF No. 220, at 4) (citing no authority for the proposition that employers are required to post notices in clients' homes). The plaintiffs cite *Darowski* for the broader proposition that summary judgment can be inappropriate on the issue of equitable tolling when the employee works "in relative isolation." 2017 WL 6497973, at *7. (ECF No. 220, at 4.) But that case is distinguishable, because the defendant in *Darowski* conceded that it had not posted any notice of wage and hour rights; the plaintiff's "isolation" bore on the question of whether he learned about those rights through other

8

means. *Id.* *3, 7. *Darowski* does not support the proposition that a home health care agency must post notices of wage and hour rights in each client's home to avoid the extraordinary measure of equitable tolling.

Finally, the plaintiffs argue that the equitable tolling analysis is affected "by the fact that English is not their first language" (ECF No. 220, at 4), but this claim is unpersuasive as well. They cite *United States v. Sabhnani*, 566 F. Supp. 2d 139, 146 (E.D.N.Y. 2008), a case in which the court equitably tolled the FLSA statute of limitations. But the employers in that case did not post an FLSA notice, and it would not have mattered if they did—because the employees "could not speak English" at all. *Id.* Here, by contrast, Nova has submitted a declaration affirming that it did post an FLSA notice, and the Five Plaintiffs do not attest they could not have read and understood it if they had seen it; the statement that English is not their first language appears only in their brief, not in their declarations. (ECF No. 220, at 4; ECF Nos. 220-1 through 220-5.) In short, the summary judgment record evidence does not support imposing the extraordinary measure of equitable tolling on account of language issues relating to the FLSA notice.

### IV. CONCLUSION

For the reasons stated, the break time claims of plaintiffs Lateefatu Fuseini, Karen Harrison, Marianna Jaksina, Maria Kalata, and Galyna Vlasova are time barred. The Court therefore grants summary judgment to the defendants as to these claims.

So ordered at Hartford, Connecticut this 14th day of April, 2025.

*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge