UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Yelena Savinova, *et al.*, | |
| Plaintiffs, | Civil No. 3:20-cv-01612 (TOF) |
| v. | |
| Nova Home Care, LLC, *et al.*, | May 4, 2025 |
| Defendants. | |

**RULING AND ORDER ON
MOTION TO ALLOW REMOTE TRIAL TESTIMONY (ECF No. 261)**

This is a wage and hour case brought by twenty-six live-in homecare workers against Nova Home Care, LLC ("Nova"); Southern Home Care Services, Inc. ("Southern"); Aleh Huliavatsenka; and Yuliya Novikava. Trial is scheduled to begin on May 12, 2025. (ECF No. 246.) On April 22, 2025, four plaintiffs – Yelena Savinova, Svitlana Voroshylova, Portia Atongdem, and Hanifa Yakubu – moved for leave to present their trial testimony by videoconference. (ECF No. 261.) The defendants oppose the motion. (ECF No. 263, at 38, 42.) For the reasons set forth below, the motion will be conditionally granted as to Svitlana Voroshylova, but denied as to Yelena Savinova, Portia Atongdem, and Hanifa Yakubu.

**I.     BACKGROUND**

Along with her co-plaintiff Yemiliya Mazur, the plaintiff Yelena Savinova filed this case nearly five years ago. (Compl., ECF No. 1.) She seeks to recover unpaid overtime compensation pursuant to Section 16 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and unpaid hourly wages and overtime compensation pursuant to the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. §§ 31-58 *et seq.* After the Court conditionally certified the case as

1

a collective action, Svitlana Voroshylova joined as a plaintiff on March 18, 2022.  (ECF Nos. 84, 84-1.)  Hanifa Yakubu then joined on April 19, 2022 (ECF Nos. 88, 88-1), and Portia Atongdem followed on April 21, 2022.  (ECF Nos. 89, 89-1.)

On November 25, 2024, the Court scheduled jury selection for May 12, 2025, "with evidence to follow immediately thereafter."  (ECF No. 235.)  The parties later consented to a bench trial, but the Court preserved the May 12, 2025 start date.  (ECF No. 246) ("The current trial date of May 12, 2025, remains unchanged.").

On April 22, 2025, the four above-referenced plaintiffs filed a two-page motion seeking leave to present their trial testimony by videoconference.  (ECF No. 261.)  Their counsel represented that Ms. Savinova "is currently in her native Russia to care for her gravely ill mother and is unable to return to the United States for the trial."  (*Id.* at 1.)  Counsel added that Ms. Voroshylova "is undergoing multiple surgeries through mid-May," and "will be incapacitated and unable to travel during the trial."  (*Id.*)  Ms. Atongdem and Ms. Yakubu "live in Colorado and New Mexico, respectively[,]" and "would have to buy costly flight tickets and at least two nights in a hotel, among other travel expenses and several days of lost income."  (*Id.*)

The defendants opposed the motion.[1]  Southern and Mr. Huliavatsenka argued that the plaintiffs "willingly joined this lawsuit and asserted individual claims against the Defendants," and that they therefore "cannot simply be excused from appearing at the trial of their case like other non-party fact witnesses."  (ECF No. 263, at 38.)  Nova and Ms. Novikava joined "in asking the Court to require all Plaintiffs to testify in person," because "[n]o good cause has been shown to allow 'contemporaneous transmission from a different location.'"  (*Id.* at 42) (quoting Fed. R. Civ.

---

[1] Their oppositions appear in the "evidentiary issues" section of the Joint Trial Memorandum at ECF No. 263.

P. 43(a)). They allowed that "good cause" might exist "when a witness is unable to attend trial for unexpected reasons, such as accident or illness," but they asserted that "[n]o Plaintiff has indicated any such issues such as accident or illness." (*Id.* at 43.)

The Court heard oral argument at the final pretrial conference on April 30, 2025, and it took the motion under advisement. (ECF No. 268.) On May 2, 2025, plaintiffs' counsel supplemented the record with a declaration from Ms. Savinova, stating that she has been residing in Russia "[o]ver the past year," "caring for [her] very elderly and infirm mother." (ECF No. 274.) No other plaintiff submitted a supplemental declaration, and accordingly the motion is ripe for decision.

## II.     DISCUSSION

### A.     Applicable Legal Principles

Rule 43(a) of the Federal Rules of Civil Procedure provides that, "[a]t trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise." Fed. R. Civ. P. 43(a). The rule goes on to say, however, that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." *Id.*; *see also Sawant v. Ramsey*, No. 3:07-cv-00980 (VLB), 2012 WL 1605450, at *3 (D. Conn. May 8, 2012) ("The general rule set forth in Fed. R. Civ. P. 43(a) providing that trial witnesses' testimony 'must be taken in open court,' includes an exception to permit testimony 'by contemporaneous transmission from a different location,' provided that good cause, compelling circumstances, and appropriate safeguards exist.").

Notwithstanding the exception, Rule 43 reflects a strong preference for in-person testimony. There are several good reasons for this. First and foremost, in-person testimony may

3

be more truthful testimony; as the Advisory Committee has observed, when the witness is present in the courtroom, "[t]he very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling." Fed. R. Civ. P. 43 advisory committee's note to 1996 amendments. Second, "[t]he opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition." Fed. R. Civ. P. 43 advisory committee's note to 1996 amendments; *see also Carter-Wallace, Inc. v. Otte*, 474 F.2d 529, 536 (2d Cir. 1973) ("It must be recognized that the general preference of the federal rules . . . is for oral testimony so that there will be an opportunity for live cross-examination and observation of the demeanor of the witness."). Third, "conducting cross-examination at a trial via video of a party" can be "near[ly] impossible" unless the witness is given advance notice of all the documents to be used during the examination – a procedure that would be "highly unorthodox" and fraught with potential for prejudice to the examining party. *Teller v. Helbrans*, No. 1:19-cv-03172 (SJB), 2019 WL 3975555, at *2 (E.D.N.Y. Aug. 21, 2019). For these reasons and others, it is "plain that there is a decided preference for live testimony in open court." *Matovski v. Matovski*, No. 1:06-cv-04259 (PKC), 2007 WL 1575253, at *2 (S.D.N.Y. May 31, 2007).

Reflecting this preference, courts have held that the "good cause" and "compelling circumstances" requirements for invoking the exception are not lightly satisfied. Remote trial testimony "cannot be justified merely by showing that it is inconvenient for the witness to attend the trial." *Radosti v. Hudson's Bay Co.*, No. 1:18-cv-12266 (VSB), 2022 WL 2119299, at *2 (S.D.N.Y. May 4, 2022) (quoting Fed. R. Civ. P. 43 advisory committee's note to 1996 amendments); *Medina v. Angrignon*, No. 1:15-cv-00427 (RJA) (MWP), 2024 WL 108669, at *3 (W.D.N.Y. Jan. 10, 2024) (same). Rather, "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected

4

reasons, such as accident or illness, but remains able to testify from a different place." *Radosti*, 2022 WL 2119299, at *2 (quoting Fed. R. Civ. P. 43 advisory committee's note to 1996 amendments). "Serious health conditions inhibiting a witness's ability to travel" will frequently suffice, but even then, courts often condition the granting of the motion on receipt of medical documentation confirming the condition. *E.g., Sawant*, 2012 WL 1605450, at *3; *see also Radosti*, 2022 WL 119299, at *2 (denying motion to permit remote trial testimony in part because the witnesses had not "provide[d] sworn affidavits or any medical documentation").

Because "the most persuasive showings" come when the need for remote testimony is prompted by "*unexpected* reasons," courts often deny leave to testify remotely when the proponent of the witness has long known of the reasons for its motion yet failed to file it until the eve of trial. "The Advisory Committee Notes to [Rule 43(a)] . . . instruct that '[a] party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances. Notice of a desire to transmit testimony from a different location should be given *as soon as the reasons are known.*'" *Szollosy v. Hyatt Corp.*, No. 3:99-cv-00870 (CFD), 2005 WL 3116095, at *1 (D. Conn. Nov. 15, 2005) (quoting Fed. R. Civ. P. 43 advisory committee's note to 1996 amendments). In *Matovski*, for example, the plaintiff filed a Rule 43(a) motion less than a month before trial, seeking leave to present the testimony of eight Australian witnesses through remote means. 2007 WL 1575253, at *1 & n.1. The court denied the motion in part because "[t]he burden to the [eight] witnesses has been known to the petitioner from the inception of this proceeding." *Id.* at *3. There was therefore "nothing 'unexpected' or 'compelling'" about his request. *Id.* The court also noted that, had the plaintiff raised the issue sooner, there would have been time to conduct *de bene esse* depositions of the eight witnesses. *Id.* at *2.

5

When Rule 43(a) movants establish "good cause" and "compelling circumstances," that does not end the inquiry because the issue of "appropriate safeguards" still needs to be addressed. Fed. R. Civ. P. 43(a) (stating that courts may allow remote testimony "[f]or good cause in compelling circumstances and with appropriate safeguards"). Chief among the thing to be guarded against is the possibility that the witness may be coached during her testimony, either by someone physically present in the room or by text messages or e-mails. *See, e.g., Sawant*, 2012 WL 1605450, at *4 (allowing remote testimony on the condition that "[n]o other person other than a video conference operator, and if necessary, a certified translator, may be present in the room with any witness during the time that they testify, nor may any person be in communication with the witness during their testimony, other than the Court and the examining attorneys"); *see also Medina*, 2024 WL 108669, at *4 (observing that appropriate "safeguards include . . . protecting against influence (coaching) by persons present with the witness"). Courts also expect the proponent of the remote testimony to ensure that it will be smoothly presented by, among other things, testing the communication set-up in advance. *Sawant*, 2012 WL 1605450, at *4.

The decision whether to permit remote trial testimony rests within the sound discretion of the court. "Under Federal Rule of Civil Procedure 43(a), 'the judge has discretion to allow live testimony by video for good cause in compelling circumstances and with appropriate safeguards.'" *Rodriguez v. Guzman*, 974 F.3d 108, 114 (2d Cir. 2020) (quoting *Thomas v. Anderson*, 912 F.3d 971, 977 (7th Cir. 2018)). "Furthermore, '[t]he Court's discretion on this question is supplemented by its wide latitude in determining the manner in which evidence is to be presented under the Federal Rules of Evidence.'" *Argonaut Ins. Co. v. Manetta Enterps., Inc.*, No. 1:19-cv-00482 (PKC) (RLM), 2020 WL 3104033, at *1 (E.D.N.Y. June 11, 2020) (quoting *In re RFC & ResCap*

6

*Liquidating Tr. Action*, 444 F. Supp. 3d 967, 970 (D. Minn. 2020)) (internal quotation marks and citation omitted).

B.  **Application to This Case**

Applying the foregoing principles to this case, the Court will conditionally grant Svitlana Voroshylova leave to testify remotely. Her counsel represents that she "is undergoing multiple surgeries through mid-May," and that she "will be incapacitated and unable to travel during trial." (ECF No. 261, at 1.) As noted above, courts routinely conclude that "serious health conditions" establish "good cause" and "compelling circumstances," provided that those conditions are documented. *E.g., Sawant*, 2012 WL 1605450, at *3; *see also Sherrod, Teed, Vanderhagen & Ware v. VNA*, No. 5:17-cv-10164 (JEL) (KGA), 2022 WL 965025, at *1 (E.D. Mich. Mar. 30, 2022); *cf. Rodriguez*, 974 F.3d at 115 (likening plaintiff's immigration issues "to medical conditions" for purposes of Rule 43(a)). Nova and Ms. Novikava assert that "[n]o Plaintiff has indicated any such issues such as accident or illness" (ECF No. 263, at 43), but this is not true in the case of Ms. Voroshylova, and her motion should therefore be granted on conditions. She will be required to document her medical conditions and upcoming surgeries, and her counsel will be required to establish appropriate safeguards to ensure that her testimony is uncoached and that the technology will work smoothly. (*See* discussion, Section III *infra*.)

The Court will, however, deny Yelena Savinova's motion for leave to testify remotely. Her motion is premised on her need to care for her elderly mother, but she provides no authority for the proposition that caregiving responsibilities constitute "good cause" or "compelling circumstances." (ECF No. 261.) This Court and the *Radosti* court have both looked for such authority without success, *Radosti*, 2022 WL 2119299, at *2 n.3, and indeed the few available authorities are to the contrary. *E.g., Freeman v. Jacobson*, No. 1:20-cv-10040 (SN), 2022 WL

7

2657170, at *1 (S.D.N.Y. July 8, 2022) (holding that a California mother of two young children could not testify remotely in New York case, in part because "caretaking responsibilities do not constitute a compelling circumstance permitting remote witness testimony"). Moreover, Ms. Savinova has known about these responsibilities for at least a year (*see* ECF No. 274) (declaration stating that she has been "caring for [her] very elderly and infirm mother" "[o]ver the past year"), and it was incumbent upon her to raise this issue with the defendants and the Court sooner. *See Szollosy*, 2005 WL 3116095, at *1; *Matovski*, 2007 WL 1575253, at *3.

Portia Atongdem and Hanifa Yakubu present closer calls, but the Court will nonetheless deny their motions as well. In contrast to Ms. Voroshylova and Ms. Savinova – who do not cite the financial burdens of attending trial – Ms. Atongdem's and Ms. Yakubu's motions are premised on their status as "minimum wage earners [who] do not have the funds to" travel to Connecticut for trial. (ECF No. 261, at 1.) Some courts have accepted similar claims. *E.g., Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 480 (D. Md. 2010) (permitting remote testimony by Honduran plaintiffs "with strikingly few financial resources"). But this Court declines to do so under the circumstances presented by Ms. Atongdem and Ms. Yakubu – that is, where (1) the claims of indigence are unsupported by an affidavit, declaration, or other proof; (2) the witness seeking to testify remotely is not a non-party witness, but rather a party who voluntarily joined a suit in this District; (3) their claims of indigence could have been, but were not, raised long ago and in time to allow the defendants to consider other alternatives such as an in-person *de bene esse* deposition; and (4) the parties plan to seek admission of nearly 500 exhibits (ECF No. 263, at 11–35), and the plaintiffs have come forward with no plan for handling them on cross-examination that would avoid the perils cited in cases like *Teller*.

The Court has considered whether the customary Rule 43(a) considerations should apply differently in light of the fact that the case is scheduled for a bench trial rather than a jury trial. And to be sure, some courts have so held. *E.g., Castillo Frias v. Martinez*, No. 1:19-cv-02792 (RPK) (PK), 2021 WL 2661093, at *1 (E.D.N.Y. June 28, 2021) ("Videoconference technology allows for live synchronized audio and visual fees, and the risk of prejudice from remote testimony is minimal in a bench trial."); *Junjiang Ji v. Jling Inc.*, No. 2:15-cv-04194 (SIL), 2017 WL 6501865, at *3 n.3 (E.D.N.Y. Dec. 19, 2017) ("The Court notes that the parties have requested a bench trial and so there is no concern about the impact of remote testimony by video somehow influencing a jury."). But in this Court's view, those holdings address only some of the concerns cited by the Advisory Committee and by other courts. Even in a bench trial, in-person testimony may be more truthful testimony. Fed. R. Civ. P. 43 advisory committee's note to 1996 amendments ("The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling."). And even in a bench trial, the other party may suffer some prejudice if it is constrained to identify its cross-examination exhibits in advance. *Teller*, 2019 WL 3975555, at *2. Ms. Savinova, Ms. Atongdem, and Ms. Yakubu have not come forward with sufficient "good cause" or "compelling circumstances" to outweigh these concerns and the others cited above, and they therefore must testify in person even though the trial will be to the Court and not to a jury.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the plaintiff's motion to allow remote trial testimony is granted as to Svitlana Voroshylova only, and only on the following conditions:

- A. By 5:00 p.m. on Wednesday, May 7, 2025, her counsel shall file medical documentation of her claim to be suffering from health conditions that interfere with her ability to travel, and of her claim to be scheduled for surgery this month.

        Counsel may file this documentation under seal. *Disability Rights Conn., Inc. v. Conn. Dep't of Corr.*, No. 3:21-cv-00146 (KAD) (RAR), 2024 WL 3963782, at *8 (D. Conn. Aug. 28, 2024) (noting that the privacy interests implicated by non-public medical information "overcome the presumption of public access" to judicial documents).

B.     Plaintiffs' counsel is ordered to meet and confer with defendants' counsel regarding appropriate safeguards. This conference shall include, but not necessarily be limited to, discussion of (1) who, if anyone, will be present in the room with Ms. Voroshylova when she testifies; (2) the videoconferencing platform to be used; (3) procedures to be followed in the event of an interruption in the video feed; and (4) how Ms. Voroshylova will be examined on any exhibits. Plaintiffs' counsel shall file a status report by 5:00 p.m. on Wednesday, May 7, 2025, stating whether the parties have been able to agree on appropriate safeguards and, if not, describing the nature of any remaining disagreement. The status report shall be limited to two pages of double-spaced type and shall not include argument.

C.     The Plaintiffs are responsible for any costs associated with the establishment and maintenance of the video connection, subject to their right, if any, to seek to recover those costs as taxable costs at the end of the case.

The motion is denied as to Yelena Savinova, Portia Atongdem, and Hanifa Yakubu. So ordered at Hartford, Connecticut this 4th day of May, 2025.

                                                      */s/ Thomas O. Farrish*
                                                           Hon. Thomas O. Farrish
                                                       United States Magistrate Judge